**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DURLAK, | ) | |
| | ) | |
| Plaintiff, | ) | 11-cv-5309 |
| | ) | |
| vs. | ) | Judge Ruben Castillo |
| | ) | Magistrate Judge Michael T. Mason |
| ZWICKER & ASSOCIATES, P.C., and | ) | |
| AMERICAN EXPRESS CENTURION BANK, | ) | |
| | ) | |
| Defendants. | ) | |

**PARTIES' JOINT STATUS REPORT**

Pursuant to the Court's standing order and September 8, 2011 minute order, the parties submit the following status report:

**A. Nature of the Case**

1. Bases for jurisdiction, nature of the claims and counterclaims:

    This Court has jurisdiction under 15 U.S.C. §1692k (Fair Debt Collection Practices Act), 15 U.S.C. § 1681p (Fair Credit Reporting Act), 28 U.S.C. §1331, 28 U.S.C. §1337.

    Defendant American Express Centurion Bank ("American Express") sued Plaintiff in state court to collect an alleged $33,000+ debt. Defendant Zwicker & Associates, P.C. ("Zwicker") represented American Express in that action.

    Plaintiff claims that American Express violated the Fair Credit Reporting Act ("FCRA") by reporting, and then verifying after Plaintiff disputed the accuracy of the report, that Plaintiff owed $33,000+ to American Express. In fact, Plaintiff alleges that the account was entirely the responsibility of Plaintiff's roommate and one-time girl friend, who Plaintiff alleges added Plaintiff to the account as an authorized user without Plaintiff's knowledge or consent.

    Plaintiff claims that Zwicker violated the Fair Debt Collection Practices Act (FDCPA) by (1) falsely stating in the complaint that Plaintiff owed a debt to American Express, (2) filing and prosecuting a lawsuit knowing that American Express had destroyed evidence essential to determine who was responsible for the account, and (3) filing and prosecuting a lawsuit barred by the Statute of Frauds.

1

        Plaintiff seeks statutory damages, actual damages, punitive damages, attorney's fees, litigation expenses, and costs of suit.

        All parties named in the Complaint have been served.

2.      Major legal issues:

        Did Zwicker's conduct in the underlying case violate the FDCPA?

        Did American Express negligently or willfully violate the FCRA by reporting to the credit reporting agencies that Plaintiff owed $33,000+ to American Express?

        After Plaintiff notified the credit reporting agencies that he disputed the accuracy of American Express's reporting of the alleged $33,000+ debt, did American Express negligently or willfully violate the FCRA by confirming the accuracy of its reporting?

        The merits of Zwicker's affirmative defenses.

        The merits of any affirmative defenses raised by American Express.

        The measure of Plaintiff's damages.

3.      Major factual issues:

        Whether Plaintiff owes, or has ever owed, $33,000+ to American Express.

        The measure of Plaintiff's damages.

4.      Key Authorities:

        Plaintiff believes *Johnson v. MBNA America Bank, N.A.*, 357 F.3d 426 (4th Cir. 2003) is on point with respect to his claims against American Express.

        Zwicker believes that the following cases are on point with respect to its right to rely on the file and information furnished by its client:

        *Jenkins v. Heintz*, 124 F3d 824 (7th Cir. 1997), i, 523 US 1022, 118 S. Ct. 1304, 140 L. Ed. 3d 469 (1998)

        *Amond v. Brincefield, Hartnett & Assocs., PC*, 175 F3d 1013 (Table, Text at 1999 US App. LEXIS 4815, 1999 WL 152555) (4th Cir. 1999)

        *Rice v. Great Seneca Fin. Corp.*, 556 F. Supp. 2d 792 (S.D. Ohio 2008)

*Hartman v. Great Seneca Fin. Corp.*, 2008 U.S. Dist. LEXIS 40814 (S.D. Ohio May 21, 2008).

**B.** **Proposed Scheduling Order**

Deadline to serve Rule 26(a)(1) disclosures: October 28, 2011.

Deadline to amend the pleadings: February 10, 2012.

Deadline to complete fact discovery: March 12, 2012.

Deadline to complete expert discovery: June 11, 2012;

>Plaintiff to disclose experts by: April 11, 2012;
>Defendant's to disclosure rebuttal experts by: May 11, 2012;
>Depositions of experts to be completed by: June 11, 2012

Deadline to file dispositive motions: July 11, 2012.

**C.** **Trial Status**

No party has requested a trial by jury.

The probable length of the trial is 3 days.

**D.** **Consent to Proceed before a Magistrate Judge**

The parties do not unanimously consent at this time to proceed before a Magistrate Judge.

**E.** **Settlement Status**

The parties have discussed the possibility of settlement; Plaintiff has made a settlement demand to American Express at its request. The parties believe that settlement discussions are unlikely to be fruitful until they have had the opportunity to take discovery.

s/ Francis R. Greene
Attorney for Plaintiff

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

s/ Jeffrey S. Torosian
Attorney for Defendant
American Express Centurion Bank

Jeffrey S. Torosian
Paul Del Aguila
GREENBERG TRAURIG, LLP
77 W. Wacker Drive, Suite 3100
Chicago, IL 60601
(312) 456-8400
(312) 456-8435 (FAX)

s/ MyXuan Koski
Attorney for Defendant
Zwicker & Associates, P.C.

MyXuan Koski
ZWICKER & ASSOCIATES, P.C.
7366 N. Lincoln Ave., Suite 404
Lincolnwood, IL 60712
(847) 677-7410
(847) 677-7415 (FAX)

## **CERTIFICATE OF SERVICE**

      I, Francis R. Greene, hereby certify that on October 11, 2011, I caused to be filed the foregoing documents via the CM/ECF System, which caused to be sent notification of such filing to the following parties via electronic mail:

Jeffrey S. Torosian
torosianj@gtlaw.com

Paul A. Del Aguila
delaguilap@gtlaw.com

MyXuan Koski
mkoski@zwickerpc.com

                                                      s/Francis R. Greene
                                                      Francis R. Greene