**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **JOHN DURLAK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:11-cv-05309** |
| ) | |
| **ZWICKER & ASSOCIATES, P.C., and** ) | **Judge Ruben Castillo** |
| **AMERICAN EXPRESS CENTURION BANK,** ) | **Magistrate Judge Michael T. Mason** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**DEFENDANT AMERICAN EXPRESS CENTURION BANK'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant American Express Centurion Bank ("AmEx Centurion"), by its undersigned attorneys, hereby submits the following as its Answer to the Plaintiff's First Amended Complaint:

INTRODUCTION

1.     Plaintiff John Durlak brings this action to secure redress against unlawful collection practices engaged in by debt collector Zwicker & Associates, P.C. ("Zwicker") and American Express Centurion Bank.

**ANSWER:  AmEx Centurion does not have knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1 regarding why Plaintiff has brought this suit and, therefore, denies same.  Further answering, AmEx Centurion denies that it engaged in any unlawful collection practices and, therefore, denies the remaining allegations contained in paragraph 1.**

2.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

**ANSWER: AmEx Centurion denies that it engaged in any violation of law or wrongdoing and, therefore, denies the allegations contained in paragraph 2.**

3.    The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER: Paragraph 3 of Plaintiff's First Amended Complaint states a legal conclusion for which no answer is required and is, therefore, denied.**

JURISDICTION AND VENUE

4.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367 and 15 U.S.C. §§1681p (FCRA) and 1692k (FDCPA).

**ANSWER: Paragraph 4 of Plaintiff's First Amended Complaint states a legal conclusion for which no answer is required and is, therefore, denied.**

5.    Venue in this District is proper because defendants' actions took place in this District. Zwicker has an office in this District and American Express Centurion Bank regularly does business in this District.

**ANSWER: Paragraph 5 of Plaintiff's First Amended Complaint states a legal conclusion for which no answer is required and is, therefore, denied.**

PARTIES

6.    Plaintiff John Durlak resides in the Northern District of Illinois.

**ANSWER: AmEx Centurion does not have knowledge sufficient to form a belief as to the truth of the allegations of paragraph 6 regarding where Plaintiff currently resides at the time he filed this First Amended Complaint and, therefore, denies same.**

7.    Defendant Zwicker is a law firm organized as a corporation chartered under the law of Massachusetts. It maintains an office and employs attorneys in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER: AmEx Centurion admits the allegations of paragraph 7.**

8.    Defendant Zwicker uses the mails and telephones to collect debts originally owed to other entities, one of which is American Express Centurion Bank.

**ANSWER: AmEx Centurion admits the allegations of paragraph 8.**

9.    Defendant Zwicker is a debt collector as defined in the FDCPA.

**ANSWER:    Paragraph 9 of Plaintiff's First Amended Complaint states a legal conclusion for which no answer is required and is, therefore, denied.**

10.    American Express Centurion Bank is a banking corporation chartered under Utah law with offices at 4315 South 2700 West, Mail Code: 02-01-47, Salt Lake City, Utah 84184.  It does business in the Northern District of Illinois.  It issues credit cards, and has millions of accounts, including many in the Northern District of Illinois.

**ANSWER: AmEx Centurion admits the allegations of paragraph 10.**

## FACTS RELATING TO PLAINTIFF

11.    On or about August 11, 2010, American Express Centurion Bank filed suit against John Durlak in the Circuit Court of Cook County, Illinois, seeking over $33,000 on a supposed credit card account with a number ending in 81007.  A copy is attached as Appendix A.

**ANSWER: AmEx Centurion admits the allegations of paragraph 11.**

12.    Zwicker represented American Express Centurion Bank at all times during the collection case.

**ANSWER: AmEx Centurion admits the allegations of paragraph 12.**

13.    John Durlak was not the cardholder with respect to the account sued upon. He did not apply for or agree to pay the account.

**ANSWER: AmEx Centurion denies the allegations of paragraph 13.**

14.    The account had been opened some years previously by Lair Mortenson, who lives with John Durlak, and was used by her for personal, family or household purposes. Lair Mortenson had John Durlak added to the account as an authorized user.

**ANSWER: AmEx Centurion denies the allegations of paragraph 14.**

15.     After Lair Mortenson became sick and unable to pay the account, about 9 or 10 years after it was opened, American Express Centurion Bank and Zwicker tried to collect the account from John Durlak.

**ANSWER: AmEx Centurion admits that it tried to collect the account from Plaintiff but denies the remaining allegations of paragraph 15.**

16.     An authorized user is the agent of a disclosed principal and is not personally liable for the charges on the account. *Alabran v. Capital One Bank,* Civ. Action No. 3:04CV935, 2005 U.S.Dist. LEXIS 34158 at **12, 16 (E.D.Va. Dec. 8, 2005); *Sears Roebuck & Co. v. Ragucci,* 203 N.J.Super. 82, 495 A.2d 923 (1985); *Cleveland Trust Co. v. Snyder*, 55 Ohio App.2d 168, 380 N.E.2d 354 (1978); *Blaisdell Lumber Co. v. Horton*, 242 N.J.Super 98, 575 A.2d 1386 (1990); *Sears, Roebuck & Co v. Stover*, 32 Ohio Misc.2d 1, 513 N.E.2d 361 (1987); *First National Bank of Findlay v. Fulk*, 57 Ohio App.3d 44, 566 N.E.2d 1270 (1989); *FCC National Bank v. Laursen (In re Laursen)*, 214 B.R. 378, 381 (Bankr. D.Neb. 1997); *Citibank (S.D), N.A. v. Hauff*, 2003 SD 99, 668 N.W.2d 528 (2003); *Chevy Chase Savings Bank v. Strong*, 46 Va.Cir. 422 (1998); *Houfek v. First Deposit National Bank (In re Houfek)*, 126 B.R. 530 (Bankr. S.D. Ohio 1991); *Nelson v. First National Bank Omaha*, No. A04-579, 2004 WL 2711032 (Mn.App. Nov. 30, 2004); *Cappetta v. GC Servs.*, No. 3:08-CV-288, 2009 U.S. Dist. LEXIS 80619, *25-26 (E.D.Va., September 4, 2009) ("Even if Plaintiff was an 'authorized user,' that does not amount to obligor status").

**ANSWER:     Paragraph 16 of Plaintiff's First Amended Complaint states a legal conclusion for which no answer is required and is, therefore, denied.**

17.     American Express Centurion Bank follows a practice of destroying application materials for open accounts, including accounts with which two or more names are associated, two years after the account is opened.

**ANSWER:  AmEx Centurion denies the allegations of paragraph 17.**

18.     Zwicker is aware of this practice.

**ANSWER:  AmEx Centurion denies that it follows such practice and denies the allegations of paragraph 18.**

19.     This practice makes it impossible to establish the status of each person whose name is associated with the account.  American Express Centurion Bank and Zwicker know this.

**ANSWER:  AmEx Centurion denies the allegations of paragraph 19.**

20.   Notwithstanding such known inability, American Express Centurion Bank, through Zwicker, filed suit alleging that John Durlak was legally responsible for the account.

**ANSWER:  AmEx Centurion admits that it filed suit against Plaintiff but denies the remaining allegations of paragraph 20.**

21.   Zwicker is well aware of the fact that American Express Centurion Bank and certain other of its clients destroy application materials for open credit card accounts with which two or more names are associated.  This is not the first time this sort of issue has arisen in a Zwicker case.

**ANSWER:  AmEx Centurion does not have knowledge sufficient to form a belief as to the truth of the allegations of paragraph 21 and, therefore, denies same.**

22.   Zwicker and American Express Centurion Bank file such cases in the hope that the person sued will default.

**ANSWER:  AmEx Centurion denies the allegations of paragraph 22.**

23.   The statement in the state court complaint that John Durlak was liable on the account was false.

**ANSWER:  AmEx Centurion denies the allegations of paragraph 23.**

24.   Attached to the state court complaint was a purported cardholder agreement. Contrary to the representations in the complaint, this document had nothing to do with Durlak.

**ANSWER:   AmEx Centurion states that the state court complaint and its attachments speak for themselves.   AmEx Centurion denies any and all allegations contained in the first sentence of paragraph 24 to the extent that they conflict, mischaracterize or are inconsistent with the state court complaint and its attachments. AmEx Centurion denies the allegations of the second sentence of paragraph 24.**

25.   Attached to the state court complaint was an affidavit executed by Iching Chao, in which Chao stated that he had "personal knowledge of the account" of Durlak.

**ANSWER:   AmEx Centurion admits that the affidavit of Iching Chao was attached to its state court complaint against Plaintiff and that such Affidavit speaks for**

itself.  **AmEx Centurion denies any and all allegations contained in paragraph 25 to the**

**extent that they conflict, mischaracterize or are inconsistent with the statements made in**

**that Affidavit.**

26.    The statement was false.  Chao did not have personal knowledge of the account.

**ANSWER:  AmEx Centurion denies the allegations of paragraph 26.**

27.    John Durlak retained counsel and defended the lawsuit, incurring time and expense as a result.

**ANSWER:  AmEx Centurion admits that counsel filed an appearance on Plaintiff's**

**behalf in the state court litigation between AmEx Centurion and Plaintiff but does not have**

**knowledge sufficient to form a belief as to the truth of the remaining allegations of**

**paragraph 27 and, therefore, denies same.**

28.    American Express Centurion Bank and Zwicker were unable to produce any document containing John Durlak's signature or otherwise manifesting Durlak's assent to the credit card agreement sued upon.

**ANSWER:  AmEx Centurion denies the allegations of paragraph 28.**

29.    Absent a signature, Illinois law bars the imposition of contractual liability upon John Durlak for the debt of another.  740 ILCS 80/1.  The Illinois statute applies to all litigation filed in the courts of Illinois.  *McInerney v. Charter Golf Inc.*, 176 Ill. 2d 482, 680 N.E.2d 1347, 1351 (1997) ("The [Frauds Act] proceeds from the legislature's sound conclusion that while the technical elements of a contract may exist, certain contracts should not be enforced absent a writing.  It functions more as an evidentiary safeguard than as a substantive rule of contract."); *United Potato Co. v. Burghard & Sons, Inc.*, 18 F. Supp. 2d 894, 898 (N.D.Ill. 1998).

**ANSWER:   Paragraph 29 of Plaintiff's First Amended Complaint states a legal**

**conclusion for which no answer is required and is, therefore, denied.**

30.    Within one year prior to the filing of this action, American Express Centurion Bank reported to the major credit reporting agencies - Trans Union, Equifax, and Experian - that John Durlak was liable for the account.   Copies of American Express Centurion Bank's "tradeline" on these reports are attached as Appendices B-D.

**ANSWER:  AmEx Centurion states that the reports attached to Plaintiff's First Amended Complaint as Appendices B-D speak for themselves.  AmEx Centurion denies any and all allegations contained in paragraph 30 to the extent that they conflict, mischaracterize or are inconsistent with those reports.**

31.     On information and belief, the information appearing in the "tradeline" was provided electronically on a monthly basis by American Express Centurion Bank to the credit reporting agency.

**ANSWER:  AmEx Centurion admits the allegations of paragraph 31.**

32.     Such statements were false.

**ANSWER:  AmEx Centurion denies the allegations of paragraph 32.**

33.     Such statements were made knowing they were false, or with reckless disregard of whether they were false.

**ANSWER:  AmEx Centurion denies the allegations of paragraph 33.**

34.     Furthermore, because American Express Centurion Bank had destroyed the application materials, it had no means of determining whether the information supplied to the credit bureaus was true or not.

**ANSWER:  AmEx Centurion denies the allegations of paragraph 34.**

35.     By letter of November 12, 2010, plaintiff, through counsel, requested deletion of the American Express Centurion Bank "tradeline" from each report.   A copy of this correspondence is attached as <u>Appendix E.</u>

**ANSWER:  AmEx Centurion states that the letter attached to Plaintiff's First Amended Complaint as Appendix E speaks for itself.  AmEx Centurion denies any and all allegations contained in paragraph 35 to the extent that they conflict, mischaracterize or are inconsistent with the statements made in that letter.**

36.     On information and belief, the credit bureaus contacted American Express Centurion Bank in the course of investigating plaintiff's dispute.

**ANSWER:  AmEx Centurion admits the allegations of paragraph 36.**

37.    On information and belief, American Express Centurion Bank responded to the credit bureaus that John Durlak was in fact liable on the account.

**ANSWER:  AmEx Centurion admits that it responded to the credit bureaus that the account was in Plaintiff's name and that it remained unpaid and, therefore, admits the allegations of paragraph 37.**

38.    On August 2, 2011, the state court action was dismissed with prejudice on Durlak's motion, for the reasons stated in <u>Appendix F.</u>

**ANSWER:  AmEx Centurion admits that the state court action that it filed against Plaintiff was dismissed with prejudice.  Further answering, AmEx Centurion states that the Order attached to Plaintiff's First Amended Complaint as Appendix F speaks for itself. AmEx Centurion denies any and all allegations contained in paragraph 38 to the extent that they conflict, mischaracterize or are inconsistent with the statements made in that Order.**

39.    By letter of August 17, 2011, plaintiff, through counsel, again requested deletion of the American Express Centurion Bank "tradeline" from each report. A copy of this correspondence is attached as <u>Appendix G.</u>

**ANSWER:  AmEx Centurion states that the letter attached to Plaintiff's First Amended Complaint as Appendix G speaks for itself.  AmEx Centurion denies any and all allegations contained in paragraph 39 to the extent that they conflict, mischaracterize or are inconsistent with the statements made in that letter.**

40.    On information and belief, the credit bureaus contacted American Express Centurion Bank in the course of investigating plaintiff's dispute.

**ANSWER:  AmEx Centurion admits the allegations of paragraph 40.**

41.    On information and belief, American Express Centurion Bank responded to the credit bureaus that John Durlak was in fact liable on the account.

**ANSWER: AmEx Centurion admits that it responded to the credit bureaus that the account was in Plaintiff's name and that it remained unpaid and, therefore, admits the allegations of paragraph 41.**

42.    Plaintiff was injured as a result of the credit reporting and lawsuit.

**ANSWER: AmEx Centurion denies the allegations of paragraph 42.**

## COUNT I - FDCPA

43.    Plaintiff incorporates paragraphs 1-42.

**ANSWER: Count I is not directed against AmEx Centurion; therefore, no answer is required.**

44.    This claim is against Zwicker.

**ANSWER: Count I is not directed against AmEx Centurion; therefore, no answer is required.**

45.    The statement in Appendix A that John Durlak owed the debt was false.

**ANSWER: Count I is not directed against AmEx Centurion; therefore, no answer is required.**

46.    Defendant violated 15 U.S.C. §§1692e, 1692e(2), 1692c(10) and 1692f by:

    a.    Falsely stating that John Durlak owed the debt;

    b.    Filing and prosecuting a lawsuit suit knowing that American Express Centurion Bank had destroyed evidence essential to determine who was responsible for the account;

    c.    Filing and prosecuting a lawsuit barred by the Statute of Frauds.

**ANSWER: Count I is not directed against AmEx Centurion; therefore, no answer is required.**

47.    Section 1692e provides:

    § 1692e.    False or misleading representations [Section 807 of P.L.]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ...

(2)     The false representation of-

(A)     the character, amount, or legal status of any debt; . . .

(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . . .

**ANSWER: Count I is not directed against AmEx Centurion; therefore, no answer is required.**

48.     Section 1692f provides:

§ 1692f.        Unfair practices [Section 808 of P.L.]

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt . . . .

**ANSWER: Count I is not directed against AmEx Centurion; therefore, no answer is required.**

## COUNT II -- FAIR CREDIT REPORTING ACT

49.     Plaintiff incorporates paragraphs 1-42.

**ANSWER: AmEx Centurion restates its answers to paragraphs 1 through 42 as its answer to paragraphs 1-42 and paragraph 49 of this Count II.**

50.     This claim is against American Express Centurion Bank.

**ANSWER: Paragraph 50 of Plaintiff's First Amended Complaint states a legal conclusion for which no answer is required and is, therefore, denied. Further answering, AmEx Centurion denies that it engaged in any violation of law or wrongdoing and, therefore, denies the allegations contained in paragraph 50.**

51.     American Express Centurion Bank violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by providing false information to the credit bureaus when they contacted American Express Centurion Bank in response to plaintiff's complaints.

**ANSWER:  AmEx Centurion denies the allegations of paragraph 51.**

52.     Section 1681s-2(b) provides:

(b) Duties of furnishers of information upon notice of dispute.

>     (1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

>>          (A)     conduct an investigation with respect to the disputed information;

>>          (B)     review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];

>>          (C)     report the results of the investigation to the consumer reporting agency; and

>>          (D)     if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

>     (2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

**ANSWER:     Paragraph 52 of Plaintiff's First Amended Complaint states a legal conclusion for which no answer is required and is, therefore, denied.**

53.     American Express Centurion Bank committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

**ANSWER:  AmEx Centurion denies the allegations of paragraph 53.**

54.     Section 1681n provides:

>     §1681n. Civil liability for willful noncompliance

(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer hi an amount equal to the sum of-

(1)

(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court . . . .

**ANSWER: Paragraph 54 of Plaintiff's First Amended Complaint states a legal conclusion for which no answer is required and is, therefore, denied.**

55. Section 1681o provides:

§1681o. Civil liability for negligent noncompliance

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of--

(1) any actual damages sustained by the consumer as a result of the failure;

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

**ANSWER: Paragraph 55 of Plaintiff's First Amended Complaint states a legal conclusion for which no answer is required and is, therefore, denied.**

WHEREFORE, Defendant AmEx Centurion respectfully requests that judgment be entered in its favor and against the Plaintiff and that AmEx Centurion be awarded all of its court costs and attorneys' fees incurred in defending this lawsuit and such further and additional relief as this Court deems necessary and just.

## **AFFIRMATIVE DEFENSES**

Defendant American Express Centurion Bank ("AmEx Centurion"), by its undersigned attorneys, hereby submits the following as its Affirmative Defenses to the Plaintiff's First Amended Complaint:

1.     The Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

2.     The Plaintiff has failed to mitigate his damages.

3.     The Plaintiff has waived his claims against AmEx Centurion.

4.     The Plaintiff's claims should be denied because the Plaintiff comes to this Court with unclean hands.

5.     The Plaintiff's claims are barred by the doctrine of res judicata.

WHEREFORE, Defendant AmEx Centurion respectfully requests that judgment be entered in its favor and against the Plaintiff and that AmEx Centurion be awarded all of its court costs and attorneys' fees incurred in defending this lawsuit and such further and additional relief as this Court deems necessary and just.

Dated:  October 21, 2011                    Respectfully submitted,

                                            AMERICAN EXPRESS CENTURION BANK,
                                            Defendant


                                            By:  s/   Jeffrey S. Torosian
                                                   One of its Attorneys

Jeffrey S. Torosian (ARDC # 06216956)
Paul A. Del Aguila (ARDC # 6277356)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
(312) 456-8400

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a copy of ***Defendant American Express Centurion Bank's Answer to Plaintiff's First Amended Complaint*** was served via the CM/ECF System, this 21st day of October, 2011, upon the following:

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
120 S. LaSalle St. 18th Floor
Chicago, IL  60603

MyXuan Koski
ZWICKER & ASSOCIATES, P.C.
7366 N. Lincoln Ave., Suite 404
Lincolnwood, IL  60712

_s/_  Jeffrey S. Torosian